UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:11-CR-00249-F-1
No. 5:13-CV-00591-F

**Jamie M. Hargrove**,

        Petitioner,

v.

**United States of America**,

        Respondent.

**Order &
Memorandum & Recommendation**

Petitioner Jamie M. Hargrove, proceeding under 28 U.S.C. § 2255, seeks to vacate the 210-month sentence of imprisonment imposed in connection with his guilty plea to one count of knowingly selling a firearm and ammunition to a convicted felon ("Count Three") and one count of possession of a firearm and ammunition by a felon ("Count Seven"). Hargrove argues that he is entitled to relief because his trial and appellate counsel both provided him with ineffective assistance by failing to investigate and present material facts associated with Count Three. D.E. 185, 191.[1] Specifically, he claims an adequate investigation would have uncovered that the individual who purchased the firearm from Hargrove no longer qualified as a felon after the Fourth Circuit's decision in *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) (en banc). The Government argues that Hargrove's claim for ineffective assistance of counsel should be

---

[1] Hargrove's initial attempt to initiate a claim for relief under 28 U.S.C. § 2255 was a non-conforming document (D.E. 185), which was filed on August 15, 2013. At the court's direction, Hargrove filed a "conforming" motion (D.E. 191) on October 3, 2013.

dismissed for failure to state a claim. D.E. 194, 240.[2] In addition, Hargrove filed a Motion to Amend his Motion to Vacate, in which he alleges three additional grounds for relief. D.E. 225. The Government responded with a Response in Opposition. D.E. 240.

After reviewing the docket and the arguments of the parties, the court determines that Hargrove is entitled to amend his Motion to Vacate. Hargrove is not entitled to the relief he seeks because he cannot establish that he was prejudiced by his counsels' actions. Hargrove's claims are based upon the mistaken belief that the individual he sold a firearm to was not a felon. However, because the purchaser was convicted of a Class H felony under North Carolina's Fair Sentencing Act,[3] the predecessor to the Structured Sentencing Act discussed in *Simmons*, he was subject to a maximum term of imprisonment of three years and, as a result, qualified as a felon for purposes of 18 U.S.C. § 922(d). Therefore, the undersigned grants Hargrove's Motion to Amend (D.E. 225) and recommends[4] that that the court deny Hargrove's Motions to Vacate (D.E. 185, 191) and grant the Government's Motion to Dismiss (D.E. 193).

I.  **Background**

In March 2012, Hargrove entered a guilty plea, pursuant to a written plea agreement, to one count of knowingly selling a firearm and ammunition to a convicted felon ("Count Three") and one count of possession of a firearm and ammunition by a felon ("Count Seven"). As a result of his guilty plea, the court entered a judgment on July 3, 2012, requiring him to serve a 120-

---

[2] The Government asks that the arguments made in its Response in Opposition to Hargrove's Motion to Amend supersede the arguments made in the original memorandum in support of its motion to dismiss. D.E. 240 at 3 n.1.

[3] North Carolina's Fair Sentencing Act is distinct from the federal Fair Sentencing Act of 2010, Pub.L. 111–220, 124 Stat. 2372 (reducing disparity in mandatory sentences between crack and powder cocaine).

[4] The district court referred this matter to the undersigned United States Magistrate Judge for the entry of a memorandum and recommendation pursuant to 28 U.S.C. § 636(b)(1).

month prison sentence for Count Three, and a 90-month prison sentence for Count Seven. D.E. 159. The court ordered that Hargrove serve these terms of imprisonment consecutively. *Id.* Hargrove unsuccessfully appealed his sentence to the Fourth Circuit Court of Appeals and did not seek a writ of certiorari from the Supreme Court of the United States. His time to file a petition for a writ of certiorari expired in August 2013. Shortly thereafter, Hargrove filed his Motion to Vacate and the Government responded by filing a Motion to Dismiss.

## II.  Motion to Amend Petition

Hargrove seeks to amend his Motion to Vacate. In his motion, he asserts three new grounds for his attack on his conviction and sentence: (1) trial counsel was ineffective for failing to request the Government to establish a factual basis for the guilty plea to Count Three and Count Seven (D.E. 225 at 3); (2) trial counsel was ineffective for failing to require the Government to show that Hargrove and the recipient of the firearm in Count Three were convicted felons under *Simmons*, (*id.* at 5); and (3) appellate counsel was ineffective because she failed to establish that the fact that the Government did not present a factual basis to support his guilty plea impacted his substantial rights (*id.* at 7–8).

A motion to amend is governed by Rule 15 of the Federal Rules of Civil Procedure. *See United States v. Pittman*, 209 F.3d 314, 317 (4th Cir. 2010). A party may amend his pleading once as a matter of course within 21 days after service, or, if it is a pleading requiring a response, within 21 days after service of the response or service of a motion under Rule 12(b), (e), or (f). *See* Fed. R. Civ. P. 15(a)(1). Otherwise, a party may amend his pleading only with the written consent of the opposing party or by leave of court. Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires[,]" *id.*, and should deny leave to amend "*only when* the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the

3

moving party, or the amendment would be futile," *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999) (quotation omitted) (emphasis in original). "Delay alone is an insufficient reason to deny leave to amend." *Id.*

Hargrove filed his motion to amend on September 9, 2014, almost ten months after the Government filed its motion to dismiss. The Government opposes Hargrove's motion to amend (D.E. 240), but, pursuant to a court order, addressed the merits of his arguments. Furthermore, there is no indication that Hargrove filed his motion to amend in bad faith. The court will, therefore, grant Hargrove's motion to amend and will consider below whether the additional grounds survive the Government's motion to dismiss.

## III.  Analysis

### A.  Legal Standard

In order to prevail on his Motion to Vacate, Hargrove must show that (1) his sentence was imposed in violation of the Constitution or laws of the United States, (2) the Court was without jurisdiction to impose such sentence, or (3) that his sentence exceeded the maximum authorized by law. 28 U.S.C. § 2255(a). "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall … grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law" regarding the petitioner's motion. 28 U.S.C. § 2255(b). However, ultimately, the petitioner must establish that he is entitled to relief by a preponderance of the evidence. *See, e.g.*, *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958) (per curiam).

The Federal Rules of Civil Procedure are applicable to the court's consideration of a Section 2255 motion to the extent that they do not conflict with any other statutory provisions or the procedural rules specifically applicable to Section 2255 motions. Rules Governing § 2255

4

Proceedings, Rule 12. Therefore, in reviewing the Government's Motion to Dismiss, the court will apply the standard that generally applies to motions brought pursuant to Rule 12(b)(6).

In order to withstand a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Therefore, while a court must accept all the factual allegations contained in a complaint as true, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Id.* The court may also consider documents that are part of the public record, *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009), and in the context of a Section 2255 motion, "the files and records of the case[,]" 28 U.S.C. § 2255(b).

After *Iqbal*, a court considering a motion under Rule 12(b)(6) must subject a complaint to a two-part test. First, the court must identify the allegations in the complaint that are not entitled to the assumption of truth because they are conclusory in nature or nothing more than a formulaic recitation of the elements of a claim. *Ashcroft*, 556 U.S. at 679. Then, taking the remaining factual allegations as true, the court must determine whether the complaint "plausibly suggest[s] an entitlement to relief." *Id.* If, after conducting this two-part analysis, "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'shown' — 'that the pleader is entitled to relief'" *Id.* If a party fails to show that they are entitled to relief, the court must dismiss the deficient claims.

### B. Ineffective Assistance of Counsel

Hargrove claims that his sentence was imposed in violation of the Constitution because his appointed trial and appellate counsel performed so inadequately that they violated his right to counsel under the Sixth Amendment to the Constitution. The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right … to have the assistance of counsel for his defense." U.S. Const. amend VI. A defendant's right to assistance of counsel may be violated if his attorney fails to provide adequate legal assistance. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). This right applies at all stages of a criminal proceeding, including sentencing. *Mempa v. Rhay*, 389 U.S. 128, 134 (1967); *United States v. Burkley*, 511 F.2d 47, 51 (4th Cir. 1975).

In order to establish ineffective assistance of counsel, a petitioner must show "(1) that his attorney's performance 'fell below an objective standard of reasonableness' and (2) that he experienced prejudice as a result, meaning that there exists 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *United States v. Fugit*, 703 F.3d 248, 259 (4th Cir. 2012) (quoting *Strickland v. Washington*, 466 U.S. 668, 687–88, 694 (1984)). To establish such a claim with respect to a guilty plea, "a person must demonstrate 'a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" *Id.* (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)). "'Surmounting *Strickland's* high bar is never an easy task' in the guilty-plea setting." *United States v. Dyess*, 730 F.3d 354, 361 (4th Cir. 2013) (quoting *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010)). "Thus, [petitioner] must convince [the court] that the decision to go to trial 'would have been rational under the circumstances.'" *Id.* (quoting *Padilla*, 559 U.S. at 372). In this respect, a petitioner's "subjective preferences … are not dispositive; what matters is whether

proceeding to trial would have been objectively reasonable in light of all the facts." *Id.* at 361–62. Courts are "highly deferential" in their scrutiny of counsel's representation and there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689.

Hargrove asserts that his counsel violated his Sixth Amendment rights in four specific ways: (1) trial counsel failed to investigate the recipient of the firearm's criminal history in Count Three; (2) trial counsel failed to require the Government to establish a factual basis for his guilty plea to Count Three; (3) trial counsel failed to require the Government to show that Hargrove and the recipient of the firearm in Count Three were felons for purposes of *Simmons*; and (4) appellate counsel failed to establish that the district court's failure to require a factual basis in support of Hargrove's plea impacted his substantial rights. The Government seeks dismissal of Hargrove's Motion because he fails to state a claim upon which relief may be granted. The court will address Hargrove's arguments below.

1. **Trial Counsel's Alleged Errors**

Hargrove's arguments regarding the performance of his trial counsel are all based upon his contention that after *Simmons*, the individual he sold the firearm to did not qualify as a felon and, therefore, he is innocent of Count 3. An attorney providing adequate representation, Hargrove claims, would have discovered this flaw in the Government's case and not allowed him to plead guilty to that count. However, an examination of the purchaser's criminal history demonstrates that he was sentenced under the North Carolina Fair Sentencing Act, not the North Carolina Structured Sentencing Act, and, therefore, was a felon for purposes of § 922(d). As a result, Hargrove's claims against his trial counsel lack merit and should be dismissed.

7

Hargrove claims that Count Three was based upon his sale of a firearm to Corey S. Williams.[5] Williams's criminal record, which Hargrove submitted with his briefs, includes two felony convictions for possession of schedule II controlled substances. D.E. 225 at 8; D.E. 225-1. The first conviction, which was for an offense that occurred in 1993, was considered to be a Class H felony. The second conviction, which was for an offense that occurred in 2003, was considered to be a Class I felony. Hargrove explains, rather convincingly, that Williams could not have been sentenced to more than a year in prison on either offense under North Carolina's Structured Sentencing Act and, therefore, after *Simmons*, Williams was not a felon for purposes of § 922(d).

However, Williams was not sentenced under the Structured Sentencing Act for the 1993 offense. Instead, he was sentenced under the North Carolina Fair Sentencing Act, which determined sentences in a wholly different manner than the Structured Sentencing Act. *State v. Whitehead*, 365 N.C. 444, 445, 722 S.E.2d 492, 494 (2012) (explaining that the Fair Sentencing Act applies to offenses occurring prior to October 1, 1994). As the Fourth Circuit explained in *United States v. Newbold*:

> Fair Sentencing grouped felonies into different classes and assigned each class a baseline, "presumptive" term of imprisonment. It also set a maximum, aggravated term of imprisonment for each offense class. By law, the judge could only deviate from the presumptive term by finding and recording aggravating or mitigating factors.

791 F.3d 455, 461 (4th Cir. 2015) (citations omitted).

---

[5] The Government did not confirm that Williams purchased the firearm from Hargrove. However, at Hargrove's sentencing, the Government referred to the firearm purchaser as "Mr. Williams." D.E. 177 at 8:15–23. Therefore, the court will assume that Corey S. Williams purchased a firearm from Hargrove.

8

Case 5:11-cr-00249-F   Document 242   Filed 05/17/16   Page 8 of 11

Although *Simmons* dealt with the Structured Sentencing Act, its reasoning applies to sentences imposed under the Fair Sentencing Act. *Newbold*, 791 F.3d at 462. Therefore, in determining whether Williams qualified as a felon for purposes of § 922(d),[6] the court must consider "the maximum penalty that [Williams] potentially faced given his particular offense and his particular criminal history." *Id.* In the absence of aggravating factors, the court will "consider the presumptive term to be the maximum applicable punishment." *Id.* This is the case even if the defendant "actually received a sentence below the presumptive term either due to the existence of mitigating factors or pursuant to a statutorily binding plea agreement." *Id.* at 462–63.

Here, Williams was convicted of a Class H felony, which was accompanied by a presumptive three-year prison term. N.C. Gen. Stat. § 15A-1340.4(f)(6) (1993) (repealed effective Oct. 1, 1994). There is no evidence in the record of aggravating factors which would have increased his term of imprisonment beyond the presumptive range. Thus, the maximum penalty Williams faced given his particular offense and his particular criminal history was three years imprisonment. In light of this maximum potential sentence, Williams qualified as a felony under § 922(d). Therefore, even presuming that his trial counsel failed to conduct an investigation into Williams's criminal history or failed to have the Government establish the factual predicate for his guilty plea, Hargrove cannot show that he was prejudiced by these omissions and his ineffective assistance of counsel claims should be dismissed.

---

[6] Although neither issue has been decided by the Fourth Circuit, the court will presume for the purposes of this motion that *Simmons* applies to convictions for sales a firearm to a convicted felon under § 922(d) and that Hargrove would have the ability to challenge Williams's status as a felon.

### 2. Appellate Counsel's Alleged Errors

Hargrove also contends that his appellate counsel was ineffective because she did not to establish that the district court's failure to require a factual basis for his guilty plea to Count Three impacted his substantial rights. He again claims that had his attorney acted properly, the Court of Appeals would have determined that Williams was not a felon for purposes of § 922(d) and reversed Hargrove's conviction. However, for the same reasons discussed above, Hargrove is mistaken about Williams's record. Therefore, Hargrove cannot demonstrate that he was prejudiced by his appellate counsel's actions and his petition should be dismissed.

## IV. Conclusion

For the foregoing reasons, the undersigned grants Hargrove's Motion to Amend (D.E. 225) and recommends that the court deny Hargrove's Motion to Vacate (D.E. 185, 191) and grant the Government's Motion to Dismiss (D.E. 193).

Furthermore, the court directs that the Clerk of Court serve a copy of this Memorandum and Recommendation on petitioner. Petitioner shall have until 14 days after service of the Memorandum and Recommendation on petitioner to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct his or her own review (that is, make a *de novo* determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.*, 28 U.S.C. § 636(b)(l); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

**If petitioner does not file written objections to the Memorandum and Recommendation by the foregoing deadline, petitioner will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, petitioner's failure to file written objections by the foregoing deadline will bar petitioner from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation.** *See Wright v. Collins*, **766 F.2d 841, 846–47 (4th Cir. 1985).**

Dated: May 16, 2016

*Robert T. Numbers II*
ROBERT T. NUMBERS, II
UNITED STATES MAGISTRATE JUDGE

11

Case 5:11-cr-00249-F   Document 242   Filed 05/17/16   Page 11 of 11