IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:11-CR-00249-F-1
No. 5:13-CV-00591-F

| | |
|---|---|
| JAMIE M. HARGROVE, ) | |
| Petitioner ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| Respondent. ) | |

This matter is before the court on Objections [DE-245] to the Memorandum & Recommendation ("M&R") [DE-242] of United States Magistrate Judge Robert T. Numbers, II, regarding the Government's Motion to Dismiss [DE-193] Jamie M. Hargrove's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE-185, -191][1]. For the reasons set forth below, the Government's Motion to Dismiss is ALLOWED and Hargrove's Motion to Vacate is DENIED.

**I. Factual and Procedural Background**

On August 15, 2013, Hargrove filed his Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE-185, -191]. In his § 2255 motion, Hargrove alleges that his attorney provided ineffective assistance of counsel when he failed to investigate and argue that the person to whom he sold the firearm and ammunition referred to in Count Three[2] was not a

---

[1] Hargrove's initial attempt to initiate a claim for relief under 28 U.S.C. § 2255 was a non-conforming document [DE-185], which was filed on August 15, 2013. At the court's direction, Hargrove filed a "conforming" motion [DE-191] on October 4, 2013.

[2] In Count Three, Hargrove was charged with selling a firearm and ammunition to a convicted felon, in violation of 18 U.S.C. §§ 922(d)(1) and 924. *See* Superseding Indictment [DE-51].

felon for purposes of *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) (en banc)[3]. Mot. Vacate Mem. [DE-185-1] at 2-20.

On May 17, 2016, Judge Numbers issued an Order & M&R [DE-242] addressing Hargrove's Motion to Vacate [DE-185, -191] and his Motion to Amend [DE-225]. Judge Numbers allowed Hargrove's Motion to Amend [DE-225]. *See* Order & M&R [DE-242] at 10. Judge Numbers recommended that this court deny Hargrove's Motion to Vacate [DE-185, -191] and allow the Government's Motion to Dismiss [DE-193]. *Id.* On June 6, 2016, Hargrove filed Objections [DE-245] to Judge Numbers's M&R.

## II. Legal Standard

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This court is charged with making a *de novo* determination of those portions of the recommendation to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). In the absence of a timely-filed objection, a district court need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the

---

[3] In *Simmons*, the Fourth Circuit Court of Appeals held en banc that a court must look to the maximum punishment that the particular offender could have received in determining whether a prior North Carolina conviction may serve as a predicate felony for federal sentencing purposes. *Simmons*, 649 F.3d at 243-46. In reaching its holding in *Simmons*, the Fourth Circuit expressly overruled *United States v. Harp*, 406 F.3d 242 (4th Cir. 2005), which held that in determining "whether a conviction is for a crime punishable by a prison term exceeding one year [under North Carolina law] we consider the maximum aggravated sentence that could be imposed for that crime upon a defendant with the worst possible criminal history." *Id.* at 241 (quoting *Harp*, 406 F.3d at 246) (emphasis omitted).

2

record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

### III. Discussion

**A. The Magistrate Judge correctly determined that Hargrove failed to state a claim of ineffective assistance of counsel.**

Hargrove argues that the Magistrate Judge erred in concluding that he failed to state a claim of ineffective assistance of counsel. Objections [DE-245] at 1. In particular, Hargrove alleges that his attorney failed to provide adequate legal assistance by failing to investigate the key elements of Count Three. *Id.* at 1-2. Hargrove further alleges that his attorney failed to require the Government to show that the recipient of the firearm and ammunition had been convicted of a felony. *Id.* at 2-3. Finally, Hargrove alleges that his attorney failed to subject the Government's case to meaningful adversarial testing by failing to ensure that the alleged purchaser was indeed a convicted felon. *Id.* at 5-11.

To prevail on a claim of ineffective assistance of counsel, a petitioner must show that (1) his counsel's performance was deficient, and (2) the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). The petitioner bears the burden of proof as to both prongs of the *Strickland* standard. *United States v. Luck*, 611 F.3d 183, 186 (4th Cir. 2010). Under the first prong, the petitioner must show that his counsel's representation "fell below an objective standard of reasonableness" as measured by "prevailing professional norms." *Strickland*, 466 U.S. at 688. There is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. As to the second prong, the petitioner must demonstrate that counsel's inadequate performance was

3

prejudicial to him. *Id.* at 687. Specifically, the petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A "reasonable probability" is "a probability sufficient to undermine confidence in the outcome." *Id.*

Hargrove's objections stem from his contention that following *Simmons*, the individual he sold the firearm and ammunition to did not qualify as a felon under 18 U.S.C. § 922(d)(1), and consequently, he is innocent of Count Three.

According to Hargrove, Count Three was based upon the sale of a firearm and ammunition to Corey S. Williams.[4] *See* Mot. Amend [DE-225] at 7-8; Mot. Amend Mem. [DE-225-1] at 1. Hargrove has submitted Williams's criminal record. Mot. Amend Mem. [DE-225-1] at 1-4. Williams's record includes a felony conviction for possession with intent to sell a schedule II controlled substance. *Id.* at 3-4. The offense occurred in 1993 and was a Class H felony. *Id.* at 4.

Williams was sentenced under the North Carolina Fair Sentencing Act for his 1993 conviction.[5] Under the Fair Sentencing Act, felonies were grouped into different classes and given a baseline or "presumptive" term of imprisonment. *United States v. Newbold*, 791 F.3d 455, 461 (4th Cir. 2015). The Fair Sentencing Act also set a maximum, aggravated term of imprisonment for each offense class. *Id.* The judge could only deviate from the presumptive

---

[4] At Hargrove's sentencing, the Government referred to the firearm purchaser as "Mr. Williams." *See* July 3, 2012 Tr. [DE-177] at 8:15-23.

[5] North Carolina's Fair Sentencing Act was in effect for offenses committed from July 1, 1981 to September 30, 1994.

4

term by finding aggravating or mitigating factors. *Id.*

In order to determine whether Williams qualified as a convicted felon for purposes of § 922(d)[6], this court must consider "the maximum penalty that [Williams] potentially faced given his particular offense and his particular criminal history." *Id.* at 462. Moreover, "where there are no aggravating factors, we consider the presumptive term to be the maximum applicable punishment." *Id.* at 462.

In this case, Williams's conviction for possession with intent to sell was a Class H felony. [DE-225-1] at 4. The record does not reflect the presence of aggravating factors, and the presumptive term was a three-year prison term. *See* N.C. Gen. Stat. § 15A-1340.4(f)(6) (repealed Oct. 1, 1994). Thus, the maximum penalty that Williams faced for this particular offense was three years of imprisonment. In sum, Williams was a convicted felon.

Even if Hargrove's attorney provided deficient performance, Hargrove's claim still fails under *Strickland* because Hargrove has failed to show prejudice. In particular, Hargrove's claim fails because Williams was a convicted felon for purposes of § 922(d).

The court concludes that the Magistrate Judge correctly determined that Hargrove failed to state a claim of ineffective assistance of counsel. Consequently, Hargrove's objections are overruled.

## IV. Conclusion

For the foregoing reasons, the court ADOPTS the recommendation of the Magistrate

---

[6] Solely for purposes of analyzing Hargrove's motion, this court will assume that *Simmons* applies to Hargrove's conviction for the sale of ammunition and a firearm to a convicted felon under § 922(d) and that he would have the ability to challenge Williams's status as a felon.

5

Judge as its own, and for the reasons stated therein, in addition to the above-stated reasons, the Government's Motion to Dismiss [DE-193] is ALLOWED and Hargrove's Motion to Vacate [DE-185, 191] is DENIED. The court concludes that Hargrove has not made the requisite showing to support a certificate of appealability.[7] Therefore, a certificate of appealability is DENIED.

SO ORDERED.

This the 15 day of June, 2016.

James C. Fox
Senior United States District Judge

---

[7] A certificate of appealability will not issue unless there has been "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). However, when a district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the motion states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85.

Judge as its own, and for the reasons stated therein, in addition to the above-stated reasons, the Government's Motion to Dismiss [DE-193] is ALLOWED and Hargrove's Motion to Vacate [DE-185, 191] is DENIED. The court concludes that Hargrove has not made the requisite showing to support a certificate of appealability.[7] Therefore, a certificate of appealability is DENIED.

SO ORDERED.

This the 15 day of June, 2016.

James C. Fox
Senior United States District Judge

---

[7] A certificate of appealability will not issue unless there has been "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). However, when a district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the motion states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85.