IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:11-CR-00249-F-1
No. 5:16-CV-00634-F

JAMIE M. HARGROVE,                    )
                 Petitioner,          )
                                      )
        v.                            )          O R D E R
                                      )
UNITED STATES OF AMERICA,             )
                 Respondent.          )

This matter is before the court on the Government's Motion to Dismiss [DE-264] Jamie

M. Hargrove's pending Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C.

§ 2255 [DE-252, -255].[1] The issues have been fully briefed, and the matter is now ripe for

ruling. For the reasons more fully addressed below, the Government's Motion to Dismiss is

ALLOWED and Hargrove's Motion to Vacate is DISMISSED.

## I. Factual and Procedural Background

On August 16, 2011, Hargrove was charged in six counts of an eleven-count indictment.

*See* Indictment [DE-1]. Then, on September 20, 2011, Hargrove was charged in six counts of a

fourteen-count superseding indictment. *See* Superseding Indictment. In Count One, Hargrove

was charged with possession of a stolen firearm and ammunition and aiding and abetting, in

violation of 18 U.S.C. §§ 922(j), 924, and 2. *See id.* Counts Three and Four charged Hargrove

with selling a firearm and ammunition to a convicted felon, in violation 18 U.S.C. §§ 922(d)(1)

and 924. *See id.* In Count Five, Hargrove was charged with being a felon in possession of a

---

[1] Hargrove's initial attempt to initiate a claim for relief under 28 U.S.C. § 2255 was a
non-conforming document [DE-252], which was filed on June 30, 2016. At the court's direction,
Hargrove filed a "conforming" motion [DE-255] on July 18, 2016.

firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924. *See id.* Counts Six and Seven charged

Hargrove with being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1)

and 924. *See id.*

At his arraignment, held on March 13, 2012, Hargrove pled guilty to Counts Three and

Seven, pursuant to a written plea agreement [DE-139]. The Government agreed that at

sentencing, it would move to dismiss Counts One, Four, Five, and Six of the Superseding

Indictment as to Hargrove only. *Id.* at 5.

Hargrove's sentencing was held on July 3, 2012, and he was sentenced to a total term of

210 months' imprisonment: 120 months on Count Three and 90 months on Count Seven, to run

consecutively. *See* Judgment [DE-161]. Hargrove filed Notices of Appeal [DE-157, -163]. In

an unpublished per curiam opinion [DE-180], the Fourth Circuit Court of Appeals affirmed

Hargrove's convictions and sentence.

On August 15, 2013, Hargrove filed a motion pursuant to 28 U.S.C. § 2255 [DE-185] that

was resolved on the merits. On June 30, 2016, Hargrove filed the instant motion pursuant to 28

U.S.C. § 2255 [DE-252, -255]. On August 18, 2016, the Fourth Circuit entered an order [DE-

262] denying Hargrove's motion to pursue a second or successive § 2255 motion.

## II. Legal Standard

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides for the dismissal of an

action when the court lacks subject matter jurisdiction. When determining whether jurisdiction

exists, the district court may consider evidence outside the pleadings without converting the

motion to one for summary judgment. *Richmond, Fredericksburg & Potomac R.R. Co. v. United

States*, 945 F.2d 765, 768 (4th Cir. 1991). The burden of proving subject matter jurisdiction is

2

on the party asserting jurisdiction. *Id.* (citing *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982)).

## III. Discussion

**Hargrove has failed to satisfy the requirements of 28 U.S.C. § 2255(h).**

As noted, this is not Hargrove's first § 2255 motion. Therefore, Hargrove must satisfy the requirements set forth in 28 U.S.C. § 2255(h), which provides as follows:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain–
>
>> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

The record does not reflect that the Fourth Circuit Court of Appeals has authorized Hargrove to pursue his second or successive § 2255 motion. Consequently, Hargrove's § 2255 motion is an unauthorized second or successive § 2255 motion. *See* 28 U.S.C. § 2255(h). Moreover, while not every numerically second case is deemed second or successive, Hargrove has not alleged facts to show that the instant motion is not successive. *See e.g.*, *United States v. Hairston*, 754 F.3d 258, 262 (4th Cir. 2014) (holding that a numerically second § 2255 motion should not be considered second or successive under § 2255(h) where the facts relied on by the movant did not exist when his first motion was filed and adjudicated); *In re Goddard*, 170 F.3d 435, 438 (4th Cir. 1999) (holding that when a prisoner's first § 2255 motion is granted to reenter judgment and permit a direct appeal, his collateral attack count is reset to zero).

3

## IV. Conclusion

For the foregoing reasons, the Government's Motion to Dismiss [DE-264] is ALLOWED and Hargrove's Motion to Vacate [DE-252, -255] is DISMISSED.

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, the court declines to issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(2) (A certificate of appealability will not issue unless there has been "a substantial showing of the denial of a constitutional right."); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (Where a court has rejected the constitutional claims on their merits, a petitioner must demonstrate that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong, but when a court denies relief on procedural grounds, the petitioner must demonstrate that jurists of reason would find it debatable whether the court's procedural ruling was correct.).

SO ORDERED.

This the 18 day of October, 2016.

JAMES C. FOX
Senior United States District Judge

4